Filed 12/14/22  P. v. Randall CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096436 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF04330) |
| v. | |
| RICHARD RAYMOND RANDALL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Richard Raymond Randall asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I.  BACKGROUND

An amended information alleged three counts of unlawful sexual intercourse with a minor under the age of 16 (Pen. Code, § 261.5, subd. (d)),[1] two counts of oral

---

[1] Undesignated statutory references are to the Penal Code.

1

copulation of a person under the age of 17 (§ 287, subd. (b)(2)), one count of sodomy of a person under the age of 16 (§ 286, subd. (b)(2)), and one count of a lewd act upon a child who was 15 years old (§ 288, subd. (c)(1)). The information further alleged defendant had a prior conviction for a serious felony (§§ 667, subds. (b) - (j), 1170.12).

The 49-year old defendant's granddaughter reported to a schoolteacher that defendant was in a sexual relationship with her best friend—the 15-year-old victim. When initially questioned, defendant and the victim denied any sexual relationship, with the victim claiming a dating relationship and defendant claiming he was " 'mentoring' " the victim. At subsequent questionings, defendant and the victim both affirmed they had a sexual relationship. Both stated defendant proposed to the victim, the two had an "unofficial wedding," and were planning to get married in Alaska when she turned 16 years old.

In exchange for a stipulated sentence of eight years eight months and dismissal of the prior conviction enhancement, defendant pled no contest to the seven counts. The trial court struck the prior strike sentence enhancement on the People's motion. The trial court sentenced defendant to the stipulated term of eight years eight months in prison: the four-year upper term for count one; plus one-year each (which is one-third the midterm) for counts two and three; plus eight months each (which is one-third the midterm) for counts four, five, six, and seven. The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (§ 1202.45), seven court operation assessment fees of $40 each (§ 1465.8), and seven conviction assessment fees of $30 each (Gov. Code, § 70373). The trial court issued a 10-year protective order (§ 136.2), ordered restitution to the victim, and reserved jurisdiction to set or otherwise modify that amount.

Defendant timely appealed.

2

## II.  DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant did not file a supplemental brief.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## III.  DISPOSITION

The judgment is affirmed.


/S/

RENNER, J.



We concur:


/S/

DUARTE, Acting P. J.


/S/

BOULWARE EURIE, J.

3